# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM                                                                      TEL: 212.681.0202
                                                                                       FAX: 212.614.0202

July 13, 2011

**BY HAND AND ECF**

Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

>    *Re:     United States v. Michael Dolphin, et al., 11 Cr. 005*

Dear Judge Townes:

      I respectfully write in further support of Michael Dolphin's application to remove as a condition of his bond the imposition of a "curfew."  Indeed, as the "curfew" is to be directed by Pretrial Services, and Pretrial Services does not believe such a condition is necessary, the government's position is simply illogical.  Thus, as Pretrial Services agrees, Mr. Dolphin is not currently released on the "least restrictive" conditions that will "reasonably assure" his appearance in court and the safety of the community as required by the Bail Reform Act.  18 U.S.C. § 3142(c)(1)(B); see also United States v. Sabhnani, 493 F.3d 63 (2d Cir. 2007).

      The government argues primarily that the curfew restriction is warranted because Mr. Dolphin presents a risk of flight in light of the potential sentence he faces if convicted and his significant financial resources.  The remaining conditions of Mr. Dolphin's bail, however, including a $1,000,000 bond fully secured by three properties, including his own residence and that of his sister Bridget, as well as a restriction that Mr. Dolphin not travel outside the Eastern District of New York ("EDNY") and Manhattan without permission, are more than sufficient to "reasonably assure" his appearance as required.  Indeed, as noted in our prior submission, Mr. Dolphin is a lifelong resident of Queens and has extremely strong ties to the community.[1]

      Moreover, Mr. Dolphin has already demonstrated during his prior case in this District that he will appear as required, although his conditions of release in that case were far less restrictive than now.  To be sure, in his 2001 case, Mr. Dolphin was released on an unsecured

---

[1] The initial letter in support of Mr. Dolphin's application to modify his release conditions mistakenly states that he has five siblings.  In fact, Mr. Dolphin has seven siblings, all of whom are also lifelong residents of Queens and live in close proximity to Mr. Dolphin.

Honorable Sandra L. Townes
United States District Judge
July 13, 2011
Page 2 of 2


$50,000 bond, had no reporting requirements, and was permitted to travel freely.  And while Mr. Dolphin may theoretically face greater time if convicted on the instant charges than he did on the prior charges, he realistically faces far less than the 210 to 240 months' imprisonment posited by the government.  In his prior case, the government similarly claimed that he faced significantly greater punishment than the 33 month sentence he ultimately received.  Further, the government's evidence against Mr. Dolphin is extremely thin, consisting of little more than was provided during his earlier case.  Indeed, although the government has turned over the substantial majority of its discovery, it has not provided to date a shred of evidence against Mr. Dolphin apart from the audio recordings that formed the basis of the 2001 charges for which he has already been punished.[2]  To be sure, the government has presented no evidence in discovery or in its opposition letter – indeed, there could be none – demonstrating Mr. Dolphin's continued involvement in any loansharking, gambling or other illegal activity since his prior case.

At bottom, the question for this Court is not whether Mr. Dolphin poses *any* flight risk – which he does not – but rather whether the condition of a curfew is *necessary* to "*reasonably assure*" his continued appearance.  See United States v. Polouizzi, 697 F.Supp.2d 381, 382 (E.D.N.Y. 2010); United States v. Arzberger, 592 F.Supp.2d 590, 605 (S.D.N.Y. 2008).  Bail conditions that impose restraints greater than necessary to prevent flight or danger to the community are "unconstitutionally excessive" under the Eighth Amendment.  Polouizzi, 697 F.Supp.2d at 390 (citing United States v. Salerno, 481 U.S. 739, 754 (1987)); see also United States v. Montamedi, 767 F.2d 1403, 1405 (9th Cir. 1985) (non-financial conditions, including pretrial services supervision or travel restrictions, may be "excessive" where unnecessary).  We respectfully submit, and Pretrial Services agrees, that the remaining conditions of Mr. Dolphin's bond – including (1) one million dollars secured by three properties, (2) travel restricted to the EDNY and Manhattan unless approved, (3) no association with members and associates of organized crime, witnesses or victims, and (4) no association with co-defendants except in the presence of counsel – are more than sufficient to reasonably assure his appearance and eliminate any safety risk he might conceivably pose.  We therefore respectfully ask that the unduly restrictive condition of a curfew be removed.

              Respectfully submitted,
              /s/
              Sarita Kedia


cc: AUSA Evan Norris
   AUSA Stephen Frank
   (By ECF)

   Louis Calvi, Pretrial Services Officer
   (By e-mail)

---

[2] The recordings cited in the government's letter, see Govt. Ltr. at 3, n.1, were made in 1999 and 2000 and were the basis of the extortionate extension of credit charges brought against Mr. Dolphin in 2001.