UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

                                                                                                                           11 Cr. 05 (S-1) (SLT)

       -against-


MICHAEL DOLPHIN,

                      *Defendant.*

------------------------------------------------------------X


**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANT MICHAEL DOLPHIN'S PRETRIAL MOTIONS**


                                                    Sarita Kedia
                                                    Sarita Kedia Law Offices, P.C.
                                                    5 East 22nd Street, Suite 7B
                                                    New York, New York  10010
                                                    (212) 681-0202

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

**UNITED STATES OF AMERICA**

                                                                             **11 Cr. 05 (S-1) (SLT)**

     -against-

**MICHAEL DOLPHIN,**

        *Defendant.*

------------------------------------------------------------X

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANT MICHAEL DOLPHIN'S PRETRIAL MOTIONS**

**INTRODUCTION**

     This reply memorandum is respectfully submitted in further support of Michael Dolphin's pretrial motions. As to the arguments not addressed herein, we rely on our initial moving papers. For the reasons set forth below and in our moving papers, each of Mr. Dolphin's motions should, most respectfully, be granted.

**POINT I**

**MR. DOLPHIN IS ENTITLED THE REQUESTED PARTICULARS**

     Mr. Dolphin seeks particulars with respect only to Count One, Racketeering Act Five, of the indictment. Although the government argues that it has already provided sufficient particulars through discovery and additional filings it has made, its response speaks volumes regarding the need for particulars. Indeed, in a prior submission, the government stated that extortionate loans were extended between 1994 and 2001, while the indictment charges that the

conspiracy to extend and/or collect extortionate loans began in or about January of 1990. Ind. at ¶¶ 27-29.

Moreover, the government has provided no discovery whatsoever regarding to whom such loans were ostensibly made, the amount of loans, whether the debts were supposedly collected, the extortionate means ostensibly used, or the amount of the alleged interest on the loans. Further, the indictment charges in Count One, Racketeering Act Six, the defendant Anthony Vaglica with participating in the identical conspiracy during the identical time period as charged against Mr. Dolphin in Racketeering Act Five. It is unknown to Mr. Dolphin, however, whether the government alleges that he and Vaglica were part of the same conspiracy to extend and collect extortionate extensions of credit.

Therefore, Mr. Dolphin has not been sufficiently apprised of the charge against him to enable him to: (1) properly prepare and present a defense, (2) avoid unfair surprise at trial, and (3) be free from double jeopardy. See Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). Indeed, it is precisely in cases like this, "where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge," that the Second Circuit has had "little hesitancy in saying that a bill of particulars or other adequate disclosure is appropriate." United States v. Barnes, 158 F.3d 662, 666 (2d Cir. 1998) (emphasis added).

Accordingly, further particularization as requested is required. See Bortnovsky, 820 F.2d at 574; United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988); and United States v. Neapolitan, 791 F.2d 489, 500-01 (7th Cir. 1986).

2

**POINT II**

**MR. DOLPHIN SHOULD BE SEVERED FROM
HIS CO-DEFENDANT BARTOLOMEO VERNACE**

In his pretrial motions, Point III, Mr. Dolphin seeks a severance from his co-defendant Bartolomeo Vernace on the grounds that he will be severely prejudiced if they are tried jointly. See Fed. R. Crim. P 14.  As discussed in our initial moving papers, Vernace is charged with participating in substantially more serious crimes than is Mr. Dolphin, including two murders, heroin distribution, and using and carrying a firearm in relation the crimes charged in Count One.

Although the government does not suggest that the criminal conduct alleged against Mr. Dolphin is nearly as severe as that alleged against Vernace, it argues that Mr. Dolphin is not prejudiced by it because "evidence of the racketeering murders and other predicate acts against Vernace is also admissible to prove the racketeering conspiracy charge against Dolphin." Govt. Res. at 97.  But, of course, that is not necessarily true.  Indeed, in all likelihood, the government would be precluded from introducing at a separate trial evidence of murders and Vernace's alleged heroin dealing pursuant to Rule 403 of the Federal Rules of Evidence.  For inarguably, evidence of others' involvement in murders or narcotics trafficking is substantially more prejudicial than probative of whether Mr. Dolphin engaged in racketeering acts involving loansharking and gambling.

Thus, there is no question that the amount and type of proof that would be offered at a separate trial of Mr. Dolphin would be substantially less in quantity and severity than that which would be offered as a joint trial with Vernace.  Therefore, since "the risk of prejudice [would undeniably be] heightened" at a joint trial, Zafiro v. United States, 506 U.S. 534, 539 (1993), and because "there are limits to the risks a co-defendant must endure," United States v. Figueroa, 618

3

F.2d 934, 944 (2d Cir. 1980) (quoting Spencer v. Texas, 385 U.S. 554, 562 (1967)), Mr. Dolphin is entitled to the severance he seeks.

## CONCLUSION

For the reasons set forth above and in our initial moving papers, the defendant Michael Dolphin's motions should be granted in their entirety.

          Respectfully submitted,

          /s/

          Sarita Kedia
          Sarita Kedia Law Offices, P.C.
          5 East 22nd Street, Suite 7B
          New York, New York 10010
          (212) 681-0202